```
                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF VERMONT

DR. ANNE K. G. BAZILWICH,            :
        Plaintiff,                   :
                                     :
             v.                      :    File No. 1:05-CV-120
                                     :
COUNTRYWIDE HOME LOANS, INC., and    :
COUNTRYWIDE FINANCIAL CORP.,         :
        Defendants.                  :
_____      :
```

<u>RULING ON MOTION TO TRANSFER VENUE</u>
<u>MOTION TO COMPEL DISCOVERY AND</u>
<u>MOTION TO EXTEND REMAINING DISCOVERY DEADLINES</u>
(Papers 24, 30 and 40)

Plaintiff Anne K. G. Bazilwich is a Vermont resident. Defendant Countrywide Home Loans, Inc. is a New York corporation with its principal place of business in Calabasas, California, doing business in Texas and other states. (Defs.' Answer, Paper 6 ¶¶ 2, 5.) Defendant Countrywide Financial Corporation, the parent corporation of Countrywide Home Loans, Inc., appears to be a Delaware corporation,[1] with its principal place of business in Calabasas, California, also doing business in Texas and other states. (Paper 6 ¶¶ 3-5.) The Plaintiff alleges Defendants have committed fraud under common law and the Consumer Fraud Act, 9 V.S.A. §§ 2451-2480g, causing Plaintiff to lose the opportunity to refinance her home in Vermont at a time of record low interest rates. (Complaint, Paper 3.)

---

[1] In the absence of statements to the contrary from Countrywide Financial Corporation, Plaintiff has provided evidence that Countrywide Financial Corporation is incorporated in Delaware. (Paper 25 Ex. A.)

Claiming Texas provides the appropriate venue for deciding this case, Defendants have moved to transfer venue.  (Paper 24.) 28 U.S.C. § 1404(a) provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Venue is proper in a diversity case in any district where a substantial part of the events giving rise to the claim occurred, a substantial part of the property that is the subject of the action is situated, or where a defendant corporation is subject to personal jurisdiction.  28 U.S.C. §§ 1391(a)(2), (c).

Defendants do not dispute that venue is proper in this Court, and therefore bear the burden of showing why transfer is appropriate.  See Country Home Prods., Inc. v. Schiller-Pfeiffer, Inc., 350 F. Supp. 2d 561, 569 (D. Vt. 2004) (citing Ford Motor Co. v. Ryan, 182 F.2d 329, 330 (2d Cir. 1950), cert. denied 340 U.S. 851 (1950)).  Defendants must present clear and convincing evidence that the balance of convenience favors transfer to the Southern District of Texas.  See Anichini v. Campbell, 2005 WL 2464191 *6 (D. Vt. 2005) (citing Tom and Sally's Handmade Chocolates, Inc. v. Gasworks, Inc., 977 F. Supp. 297, 302 (D. Vt. 1997) and Factors, Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2d Cir. 1978), abrogated on other grounds by Pirone v. MacMillan, Inc., 894 F.2d 579 (2d Cir. 1990)).  A mere shifting

of inconveniences is not grounds for transfer.  Finkielstain v. Seidel, 692 F. Supp. 1497, 1509-10 (S.D.N.Y. 1988), aff'd in part, rev'd in part, 857 F.2d 893 (2d Cir. 1988).

When considering a motion to transfer, the Court must consider a variety of factors, including: (1) convenience of the parties; (2) convenience of witnesses; (3) relative means of the parties; (4) locus of operative facts and relative ease of access to sources of proof; (5) attendance of witnesses; (6) weight accorded the plaintiff's choice of forum; (7) calendar congestion; (8) desirability of having the case tried by a forum familiar with the substantive law to be applied; (9) practical difficulties; and (10) how best to serve the interest of justice, based on assessment of the totality of material circumstances." Country Homes Prods., Inc., 350 F. Supp. 2d at 570 (citation and quotations omitted).

Based on an evaluation of these factors, the Court concludes the Defendants have not met their burden of demonstrating the propriety of transferring this matter to Texas.  As a threshold matter, Plaintiff questions whether the Southern District of Texas would have jurisdiction over Countrywide Financial Corporation, and therefore, whether it is a district in which the suit "might have been brought."  Even if the Southern District of Texas has jurisdiction, there is no discernible reason that Texas will provide a more convenient forum for determining this dispute

than Vermont.  The Defendants appear to be corporations with adequate means to defend this litigation in Vermont.  Given the geographic locations of the parties, it is likely that each party will have to travel to some extent to pursue or defend this litigation.  Moreover, the Defendants have failed to show with any specificity how its witnesses -- employees or otherwise -- may be inconvenienced by coming to Vermont or may be unwilling to do so.[2]

Furthermore, Vermont common and statutory law will be applied, and the case load in this District is measurably less congested than in the Southern District of Texas.  Finally, the Plaintiff's choice of forum is entitled to deference.  See, e.g., DiRienzo v. Philip Servs. Corp., 294 F.3d 21, 28 (2d Cir. 2002) ("unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed") (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)).

For the reasons stated above, the Defendants' Motion to Transfer Venue (Paper 24) is DENIED.  Plaintiff's motion to compel Defendants' response to Plaintiff's First Set of Interrogatories, Requests to Produce, and Requests for Admissions

---

[2] Defendants rely on Klein v. Domino's Pizza, Inc., 769 F. Supp. 152 (D. Vt. 1991) (Parker, J.), where the Court granted transfer to California, despite the Vermont plaintiff's choice of Vermont forum, because the defendant corporation's fact witnesses outnumbered the plaintiff's and it would bear a great burden in bringing the witnesses to Vermont.  In Klein, however, the defendant corporation supplied the names of prospective witnesses, and none resided in Vermont and few were employed by the defendant, such that their presence at trial in Vermont could not be compelled.  769 F. Supp. at 153. This case is distinguished in each respect.

(Paper 30) is denied as moot because Defendants have since served their responses (Paper 37).  The parties' Motion to Extend Remaining Discovery Deadlines (Paper 40) is GRANTED.  The deadlines set forth in the Stipulated Discovery Schedule/Order filed August 30, 2005 (Paper 18) are hereby extended as follows:

1.  Depositions of all non-expert witnesses shall be completed by March 24, 2006.

2.  Depositions of Defendants' expert witnesses shall be completed by March 24, 2006.

3.  The parties shall serve all requests for admission on or before March 3, 2006.

4.  All discovery shall be completed by April 7, 2006.

5.  Motions, including summary judgment motions but excluding motions relating to the conduct of trial, shall be filed on or before May 1, 2006.

6.  The case shall be ready for trial by July 1, 2006.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 30th day of December, 2005.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge